■ In the Matter of the Claim of IDA PELLEGRINI, Respondent. CONGREGATION MIKVEY ISRAEL, Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [630 NYS2d 420] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 22, 1994, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was employed as a cleaning woman by the employer, a religious not-for-profit organization that operates a ritual bath. Claimant was required to clean the bathrooms and do laundry, but was not involved in any of the ritual religious activities carried on by the employer. Another woman was responsible for the ritualistic aspects of the baths and was in charge of the facility. We find that substantial evidence supports the Board's determination that claimant was strictly a cleaning woman and not a caretaker excluded from coverage under Labor Law § 563 (2) (c).

Cardona, P. J., Mikoll, Mercure, Casey and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.

■ In the Matter of the Claim of MARIA L. BERMUDEZ, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [630 NYS2d 420] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 12, 1994, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

At the time claimant was hired by the employer, she was advised that she would need a car so that she could participate in the employer's outreach program. Although claimant did not have a car or a New York driver's license at the time and spent the ensuing nine months seeking to obtain a valid New York driver's license and a reliable vehicle, the record reveals that claimant was not completely candid with her employer about having a license or owning a car. When claimant failed to drive a vehicle to work after passing her New York driver's test, she was terminated by her employer. In view of these circumstances, we find that substantial evidence supports the Board's decision that claimant was terminated for misconduct.

Mercure, J. P., Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.